## MORSE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 98, Docket 22460.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1953.

Decided Feb. 5, 1953.

G. Barron Mallory, Chadbourne, Hunt, Jaeckel & Brown, New York City, for petitioner.

Charles S. Lyon, Ellis N. Slack and Carlton Fox, Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The findings and decision of the Tax Court, reported in 17 T.C. 1244, state the facts. The taxpayer does not dispute the findings. We agree with its decision and the reasons it gives to justify the decision. The taxpayer concedes that the first sentence of § 22(b) (2) (B) does not apply.[1] He insists that the second sentence does.

1. We think not. We think it relates exclusively to a situation in which the employee obtains enforceable rights in the annuity at the time when the employer procures the annuity; in such a situation, if the annuity was originally forfeitable, the employee must include in his gross taxable income no more than the amount contributed by his employer after it became nonforfeitable, i. e., he need not include anything thus contributed while his rights were still forfeitable. But here taxpayer did not have forfeitable rights in 1941 which became nonforfeitable in 1943; instead, he first obtained any rights in 1943, and at that time they were nonforfeitable. Accordingly, § 22(a) applies.

2. But let us assume that the second sentence of § 22(b) (2) (B) governs. Even so, we think the decision correct. For the employer cannot be said to have "contributed" anything beneficial to the employee in 1941, since then he had not the tiniest vestige of a legal interest in the annuity. Only in 1943 did the employer "contribute"; and what it "contributed" was the value of the annuity minus the amount it had theretofore been paid thereunder. Had the taxpayer been given the same nonforfeitable rights in 1941 as he received in 1943, then, under § 22(b) (2) (B), his gross income would have included a contribution of $37,645.25. The fact that he received the rights for the first time in 1943 can but serve to reduce the includible sum by the $3,750 paid to the employer by the insurance company in the intervening period.

Affirmed.

---

1. That section, 26 U.S.C.A. § 22(b) (2) (B), reads as follows:

"(B) Employees' annuities. If an annuity contract is purchased by an employer for an employee under a plan with respect to which the employer's contribution is deductible under section 23(p) (1) (B), or if an annuity contract is purchased for an employee by an employer exempt under section 101(6), the employee shall include in his income the amounts received under such contract for the year received except that if the employee paid any of the consideration for the annuity, the annuity shall be included in his income as provided in subparagraph (A) of this paragraph, the consideration for such annuity being considered the amount contributed by the employee. In all other cases, if the employee's rights under the contract are nonforfeitable except for failure to pay future premiums, the amount contributed by the employer for such annuity contract on or after such rights become nonforfeitable shall be included in the income of the employee in the year in which the amount is contributed, which amount together with any amounts contributed by the employee shall constitute the consideration paid for the annuity contract in determining the amount of the annuity required to be included in the income of the employee under subparagraph (A) of this paragraph."